IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JASON WILSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  14-cv-01442 |
| | ) |
| STELLAR RECOVERY, INC., | ) |
| | ) |
|     Defendant, | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
STELLAR RECOVERY, INC., TO PLAINTIFF'S PETITION**

COMES NOW Defendant Stellar Recovery, Inc., (hereinafter "Stellar") by and through its undersigned counsel, and for its Answer to Plaintiff's Petition[1], states the following:

## INTRODUCTION

1. Stellar acknowledges that Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), but denies that Plaintiff is entitled to any relief herein.

2. Stellar acknowledges that Plaintiff has demanded a jury trial, denies that Plaintiff has any claim for relief.

## JURISDICTION AND VENUE

3. Stellar has removed this matter to this Court and asserts that jurisdiction and venue are appropriate in this Court.

## PARTIES

4. The allegation that Plaintiff is a consumer within the meaning of the FDCPA is a legal conclusion to which no response is required.  Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 4 of Plaintiff's Petition.

---

[1] Plaintiff filed this matter in state court; his initial pleading is denominated a Petition rather than a Complaint.

5. Stellar lacks sufficient information to admit or deny the allegations in Paragraph 5 of Plaintiff's Petition and, therefore, denies the same for the present time.

6. Stellar admits the allegations in Paragraph 6 of Plaintiff's Petition.

7. Stellar admits the allegations in Paragraph 7 of Plaintiff's Petition.

8. The allegation that Stellar is a debt collector as defined by the FDCPA is a legal conclusion to which no response is required. Stellar admits the remaining allegations in Paragraph 8 of Plaintiff's Petition, but further alleges that is not all that it does.

## **FACTS**

9. Stellar admits that it had contact with Plaintiff within the previous twelve months. Stellar denies the remaining allegations of Paragraph 9 of Plaintiff's Petition.

10. Stellar lacks sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Petition.

11. Stellar admits that it spoke with Plaintiff on July 10, 2014, and that Plaintiff provided information about his attorney. Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Petition.

12. Stellar admits the allegations in Paragraph 12 of Plaintiff's Petition.

13. Stellar denies the allegations in Paragraph 13 of Plaintiff's Petition.

14. Stellar admits that Plaintiff told the collector that he had retained an attorney with respect to the debt. Stellar denies the remaining allegations in Paragraph 14 of Plaintiff's Petition.

15. Paragraph 15 of Plaintiff's Petition states a legal conclusion to which no response is required. To the extent any response is deemed necessary, Stellar lacks sufficient information to admit or deny the allegations in Paragraph 15 of Plaintiff's Petition.

16. Stellar admits the allegations in Paragraph 16 of Plaintiff's Petition.

17. Stellar admits the allegations in Paragraph 17 of Plaintiff's Petition.

18. Stellar denies the allegations in Paragraph 18 of Plaintiff's Petition.

19. Stellar denies the allegations in Paragraph 19 of Plaintiff's Petition.

20. Stellar admits the allegations in Paragraph 20 of Plaintiff's Petition.

21. Stellar admits the allegations in Paragraph 21 of Plaintiff's Petition.

22. Stellar admits that Plaintiff eventually said that he would prefer if Stellar would deal with his attorney.  Stellar lacks sufficient information to admit or deny the remaining allegations in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same for the present time.

23. Stellar admits the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Stellar denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Stellar admits the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Stellar lacks sufficient information to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same for the present time.

## RESPONSE TO COUNT I: ALLEGED VIOLATION OF THE FDCPA

27. Stellar restates and reincorporates its responses to Paragraphs 1-26 above as if fully set forth herein.

28. Stellar denies the allegations in Paragraph 28, including sub-paragraphs a and b, of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Subject to further investigation and discovery, Stellar alleges the following defenses without assuming the burden of proof where such burden is otherwise on the Plaintiff:

1.	Plaintiff's Petition fails to state a claim upon which relief can be granted.

2.	Stellar affirmatively states that it maintains thorough training procedures for all employees who participate in collection communications.  Any collection communication which may have allegedly violated the FDCPA is subject to a *bona fide error* defense, as Stellar has procedures in place to avoid the violations alleged in this lawsuit, any violation was unintentional, and resulted from a bona fide error.  15 U.S.C. 1692k(c).

3.	Stellar reserves the right to assert any other affirmative defenses as revealed within the discovery process.

WHEREFORE, the Defendant, Stellar Recovery, Inc., prays that this Court enter judgment in Defendant's favor and against the Plaintiff, dismiss Plaintiff's Petition and this action with prejudice, and award Defendant its costs involved in this case and such other and further relief the Court considers proper.

Respectfully Submitted,

 /s/Rachel B. Ommerman
Rachel B. Ommerman #56493
Berman & Rabin, P.A.
PO Box 480707
Kansas City, MO 64148
T: 913/649-1555
F: 913/652-9474
rommerman@bermanrabin.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on this 25th day of August, 2014, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing to Richard A. Voytas at rickvoytas@gmail.com, counsel for Plaintiff:

Richard A. Voytas
Voytas & Company
1 N Taylor Avenue
St. Louis, MO 63108
rickvoytas@gmail.com
*Attorneys for Plaintiff*

             /s/ Rachel B. Ommerman_____
             Attorney for Defendant